JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Larry Thornton and Lynda Grisby-Thornton

## DEFENDANTS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert J. Lowe, Jr. & William E. Cassara
2907 Professional Parkway, Augusta, GA 30907

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❒ 1  U.S. Government Plaintiff

❒ 3  Federal Question (U.S. Government Not a Party)

☒ 2  U.S. Government Defendant

❒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ☒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ☒ 362 Personal Injury - | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Med. Malpractice | ❒ 625 Drug Related Seizure | 28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | Liability | ❒ 365 Personal Injury - | of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
| & Enforcement of Judgment | Slander | ❒ 368 Asbestos Personal | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Injury Product | ❒ 650 Airline Regs. | ❒ 830 Patent | Corrupt Organizations |
| ❒ 152 Recovery of Defaulted | Liability | Liability | ❒ 660 Occupational | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| Student Loans | ❒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❒ 345 Marine Product | ❒ 370 Other Fraud | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment | Liability | ❒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | Property Damage | Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract | Product Liability | ❒ 385 Property Damage | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Product Liability | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | | & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment | Sentence | ❒ 791 Empl. Ret. Inc. | or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | Security Act | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land | Accommodations | ❒ 530 General | | 26 USC 7609 | Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | **IMMIGRATION** | | ❒ 900Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | ❒ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❒ 550 Civil Rights | ❒ 463 Habeas Corpus - | | to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | Alien Detainee | | ❒ 950 Constitutionality of |
| | Other | | ❒ 465 Other Immigration | | State Statutes |
| | ❒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
❒ 2 Removed from State Court
❒ 3 Remanded from Appellate Court
❒ 4 Reinstated or Reopened
❒ 5 Transferred from another district (specify)
❒ 6 Multidistrict Litigation
❒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 2674
Brief description of cause:
Federal Tort Claims  Medical Malpractice

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ❒ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
July 20, 2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LARRY THORNTON, and          )
LYNDA GRISBY-THORNTON        )
    Plaintiff,               )
                             )    Civil Action No.:
v.                           )
                             )    _____
UNITED STATES OF AMERICA,    )
    Defendant.               )

## PLAINTIFF'S ORIGINAL
## COMPLAINT FOR FEDERAL TORT CLAIM

### A. PARTIES

1.  Plaintiff LARRY THORNTON and LYNDA GRISBY-THORNTON are Husband and Wife and are United States citizens.

2.  Defendant, United States of America, may be served by delivering a copy of the Summons and of the Complaint to the U.S. Attorney for the Southern District of Georgia.  Defendant may also be served by sending a copy of the Summons and of the Complaint by registered or certified mail to the attorney general of the United States at Washington, District of Columbia, and by also sending a copy of the Summons and of the Complaint by registered or certified mail to the officer or agency whose action is at issue in this suit, but who is not made a party to this suit.

### B. JURISDICTION & VENUE

3.  The Court has jurisdiction over this lawsuit because the action arises under the Federal Tort Claims Act and jurisdiction is proper under 28

U.S.C. §1346(b)(1).   Venue is proper in this Court pursuant to 28 U.S.C. §
1391(e)(2).

## C. CONDITIONS PRECEDENT

4.     Plaintiff timely presented this claim in writing to the Department
of Veterans Affairs, pursuant to 28 U.S.C. §2675.  This suit is filed within six
(6) months of the agency's final written notice of its denial of the claim.

## D. FACTS

5.     In February 2009, Larry Thornton had a colonoscopy at the
Augusta VA Medical Center in downtown Augusta, Georgia at which time
two polyps were removed.  A week later he was informed by the Augusta VA
that the polyps were diagnosed as cancerous.  A colon resection surgery was
scheduled for April 29, 2009, the date of the surgery.

6.     Prior to the surgery Mr. and Mrs. Thornton were informed that
the total hospital stay would be approximately 3 days.

7.     Surgery was performed on April 29, 2009 at the VA Medical
Center in Augusta, Georgia.

8.     The day after the surgery Mr. Thornton spiked a fever and on the
third day, when he was supposed to go home, Mr. Thornton was taken back to
the operating room and "reopened" by the VA surgeons to look for leakage of
the colon at the site of the operation.

9.     After the second surgery on May 2, 2009, the doctors told Mrs.
Thornton that the first connection did not hold, it had broken apart, that they
had not done a double stitching or double fold, and that when they went back
in they did a "double fold."

10.    Mr. Thornton did not improve after the second surgery; his condition worsened. Ultimately a third surgery was required.

11.    Between the second and third surgery Mr. Thornton went drastically downhill, experienced extreme swelling in the belly area and his belly ultimately "exploded", meaning his stomach ruptured and his intestines spilled out. Prior to this point, Mrs. Thornton continually pointed out that he seemed to be swelling too much. The responses of Doctors and Nurses was that it was "normal" from the surgery, or "he is a big fellow." After his stomach exploded and his intestines actually came out, he went back in for another surgery.    Thereafter, he was placed in an induced coma for a period of approximately 15 days, to prevent further spillage of his intestines from coughing or movement. During this entire time period he continued to spike fever and battle infection as a result of the negligence of the Defendant's agents. Mr. Thornton also remained on a ventilator which was inserted after the second surgery.

12.    Mr. Thornton struggled with multiple complications thereafter and was not discharged from the hospital, to rehab, until approximately July 10, 2009. Thus, a hospital stay that was to last 3 days in fact lasted approximately 2 months and 12 days.

13.    Mr. Thornton now suffers physical and mental pain on a daily basis, is disabled from a nerve/foot drop condition, and has permanent scarring and disfigurement, all as a result of the negligent treatment at the Augusta VA Medical Center.

## E. FEDERAL TORT CLAIMS ACT

14.     The acts by the employees of the Defendant were negligent as set forth above, all as set forth in the attached affidavit of Ronald Gross, M.D., in that the medical professionals violated the applicable standard of care, as follows:

(a)  the initial anastomosis was poorly vascularized leading to the subsequent necrosis and anastomotic leak/disruption;

(b) the surgery of May 2, 2009, to investigate and repair the initial failure was below the standard of care in that the reanastomosis was performed in a soiled abdomen under less than ideal conditions and should have been delayed by an ileosotomy and closure, or stapling, and subsequent return to operating room at least 24 hours later after a second washout.

## F. DAMAGES

15.     As a direct and proximate result of Defendant's negligence, Plaintiff Larry Thornton has suffered the following injuries and damages:

(a)     Severe physical pain and mental anguish in the past and future;

(b)     lost earnings;

(c)     damage to earning capacity;

(d)     disfigurement in the past and future;

(e)     permanent injury and disability and the resultant loss of quality of life and expected life span;

(f)     medical expenses in the past and future;

(g)     physical impairment in the past and future;

16.   As a direct and proximate result of Defendant's negligence, causing the injuries to Larry Thornton, Plaintiff Lynda Grisby-Thornton also brings this action for the loss of the society, companionship and consortium of her spouse brought about by the personal injuries which her spouse sustatined as a result of the negligence of the Defendant's employees at the Augusta VA Medical Center.

## G. PRAYER

17.   For these reasons, Plaintiffs ask for judgment against Defendant for the following:

(a)   Actual damages of Ten Million ($10,000,000.00) Dollars;

(b)   Costs of suit;

(c)   Pre-judgment and post-judgment interests;

(d)   All other relief the Court deems appropriate.

This _20_ day of _July_ _____, 2011.

_____
ROBERT J. LOWE, JR.
State Bar No. 459883

2907 Professional Parkway
Augusta, GA  30907
(706) 860-3747

_____
WILLIAM E. CASARRA
State Bar No. 006017

PO Box 2688
Evans, GA 30809
(706) 832-2777